## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

TYRONNE ADAMS, SR. and
LAKISHA A. ADAMS,
parents and natural guardians of
T. A., JR., and T. A.,
minors,
      Plaintiffs,

v.

OKALOOSA COUNTY SCHOOL DISTRICT and
MARY BETH JACKSON, SUPERINTENDENT
OF SCHOOLS, IN HER OFFICIAL CAPACITY,
      Defendants.

CASE NO.:

_____\

## COMPLAINT

COME NOW, the Plaintiffs, TYRONNE ADAMS, SR. and LAKISHA ADAMS, parents and natural guardians of T. A., JR., and T. A., minors, through and by counsel and sue the Okaloosa County School District and Mary Beth Jackson, Superintendent of Schools, to obtain redress for denial of equal protection of the law, failure to comply with Title VI, of the Civil Rights Act of 1964, 42 U.S.C. §2000d and for injunctive relief as hereafter alleged and in support hereof the Plaintiffs state as follows:

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C.§1343 (3) (granting U.S. District Courts original jurisdiction to redress the deprivation, under the color of law, of any right privilege or immunity under the U.S. Constitution or by any Act of Congress providing for equal rights of citizens) and 28 U.S.C. §1343 (4) (granting U.S. District Courts original jurisdiction to recover damages or to secure equitable relief or other relief under any Act of Congress providing for the protection of civil rights).

2.     Plaintiffs Tyrone Adams, Sr. and Lakisha Adams are natural guardians of T. A., Jr., and T. A., who are minors; dates of birth August 3, 1999 and February 8, 2001 respectively.

3.     Defendant, the Okaloosa County School District ("OCSD"), is established and exists under the Laws and a Charter of the State of Florida and Defendant Mary Beth Jackson is the superintendent of schools.

4.     Plaintiffs T.A. Jr. and T.A. attended the Baker School which is located in Baker, Florida, a municipality within Okaloosa County Florida.

5.      The Baker School is operated by the Okaloosa County School District.

6.      At all times material to this complaint, Plaintiffs resided in Okaloosa County, Florida.

7.      Venue is proper in this District pursuant to 28 USC §1391 (b) and §1391 (c) and because the actions set forth herein occurred in Okaloosa County, Florida.

## FACTUAL BACKGROUND
### Racial discrimination against Plaintiffs from September 2014-July 2015

8.      Plaintiffs, T.A. Jr. and T.A., were students at Baker School from at least September 2014 through July 2015.

9.      The Plaintiffs are African-Americans and as such are members of a racial minority.

10.     In the first two months of the 2014-2015 school year at Baker School, T. A., Jr., was called the "N" word, was told he would hang from a tree; was shown a KKK holding a noose and told "this will happen to you" by "C. R." a white student; was choked from behind while at table in lunch room by "C. R.", a white student; and grabbed by the face by an unknown student and asked why did he report a player for making racial slurs.

11.     Concerning this incident, Plaintiffs Tyrone Adams, Sr. and Lakisha Adams met with the school coach, also a teacher at Baker School.

12.     In October 2014, Ms. "G.", a teacher at Baker School remarked:   "You live in the ghetto... take the hood off of your head," and used the "N" word.

13.     Thereafter, T. A., Jr., was removed from class for chewing gum by Ms. "U", a teacher at Baker School, and T.A. Jr. not allowed to make-up work; many racial slurs were said by a student, "W. M.", in her class but Ms. "U" claims that she never heard anything and took no action against "W.M.".

14.     During the school year, T. A., Jr., was also pushed and grabbed by a 9th grade student, "J. L.", in the restroom who said—"Go back to the Plantation." This resulted in an incident where T. A., Jr. had a physical altercation with brother of "J. L.", who attacked T. A., Jr., earlier that week at Baker Rodeo event.

15.     On another occasion, student "W. M." said to T. A., Jr., "I have a noose in my truck."

16.     On another occasion in 2014, student "L. C." punched T. A., Jr., in a physical training class at the Baker School, and T. A., Jr., retaliated. T. A., Jr., received

an in school suspension and the perpetrator, "L. C." was not punished. Coach "B." was the supervising instructor.

17.     Shortly thereafter, again in 2014, T. A., Jr. and T. A. walked into the restroom at Baker School and saw a sign saying, "Future Slave." The sign had T. A. Jr.'s and T. A.'s names on it along with one other student name.

18.     In October 2014, T. A. was grabbed from behind and choked by student "H." at the football stadium at the Baker School during a power outage. T. A. scratched him with his house key and received in-school suspension for defending himself. The other student was not punished.

19.     By email dated November 18, 2014 to Superintendent Jackson and the Baker School principal, Plaintiffs complained because the Okaloosa County School District and Baker School failed to take appropriate action to ensure the safety of T. A., Jr., after two (2) previous traumatic racial encounters, and complained that Baker School's lack of response violates both Okaloosa County School Board Bullying Policy 4-43 and F. S. 1006.147.

20.     An email dated November 21, 2014 from an Okaloosa county investigator to Lieutenant Colonel Robert Roeckers, USAF stated "I want to thank you and . . . staff for meeting with us this morning. I have briefed the Superintendent and the Principal in regards to the contents of the meeting. The tentative plan is to have the requested training prior to Christmas." The email was copied to the Superintendent and the Principal.

21.     In December 2014, "L.", a female student, constantly kicked T. A. from behind. T. A. reported it to teacher, Ms. "C"; and yelled at girl to stop. T.A. received a referral for yelling in class. The perpetrator did not receive a referral and was allowed to stay in class.

22.     The Okaloosa County School Board held a "Code of Conduct Student Assembly" at Baker School on December 12, 2014. The Baker School Principal participated in the assembly. Despite the numerous complaints of Plaintiffs, the meeting was completely silent on the issue of racism and racial harassment. (Please see attached as "Exhibit A", the Code of Conduct Student Assembly Agenda). The Student Assembly did not even discuss racial harassment and was a woefully inadequate response to the Plaintiffs' complaints of racial harassment, intimidation and their fear for the safety of their two (2) sons.

23.     Incidents such as those outlined above continued into 2015 on into summer school, when for example, student "C. I.", called T. A., the "N" word three (3) times and T. A. raised his hand to report it and Ms. "G", the teacher, said "I don't believe he said that."

24.     When T.A., Jr., was called the "N" word in summer school 2015, he retaliated against student "A. H." and was then dismissed from summer school.

25.     The Superintendent of the Okaloosa County School District and Baker School Principal had direct actual knowledge of the Plaintiffs' complaints of racial harassment and intimidation and were aware of the Plaintiffs' grave concern for the safety of their children.

26.     After numerous incidents at Baker School, the Plaintiff emailed the Southern Poverty Law Center and explained "... My son now fears for his life."

27.     While at Baker School, T. A., Jr., and T. A., were repeatedly the victims of student-on-student and teacher-on-student racial harassment from September 2014 to July 2015; despite numerous complaints, supervising officials and the School District failed to take sufficient action to address the ongoing episodes of harassment and discrimination.

## FACTUAL BACKGROUND
### Systemic Discrimination by the Okaloosa County School District

28.     Data reliably demonstrates that African American students in OCSD have been suspended from school for significant periods of time, expelled, or unnecessarily referred to juvenile justice authorities at a significantly higher rate than white students in Okaloosa Schools.

29.     As of the 2010-2011 school year, the total school population for Okaloosa Schools was 28,504. White students numbered 201,361 or 71% of the total student demographic. African American students numbered 3,534 or 12% of the school population.

30.     Harsher punishment of African American students is evidenced by data which shows that although African American students constituted only 12% of the school population in the 2010 - 2011 school year, they accounted for 24% of students receiving out-of-school suspensions and 23% of students receiving in-school suspensions.

31.     African American students in the OCSD system are retained at a disproportionate rate compared to white students. While African American students make up 12% of the school population, they make up 29% of students retained.

32.     African American students make up 12% of the student population but were 50% of school based referrals to the criminal justice system in the 2010 - 2011 school year.

33.     According to the latest data from the Federal government, racial disparities in discipline are actually on the increase. In 2009 – 2010, 5% of Blacks were suspended multiple times in comparison to 2% of Whites (two times as likely.)

34.     In 2011 – 2012, this increased to 13% for Blacks and 4% for Whites (three times as likely).

35.     Blacks were also nearly three times as likely as Whites to be suspended multiple times.

36.     For the 2013 – 2014 school year, according to Florida Department of Education statistics, Black are 12% of OCSD students; but were:

       a.   29% of out-of-school suspensions

       b.   24% of in-school suspensions

       c.   41% of all school-based arrests

       d.   Black youth are only 26% of community arrests in Okaloosa County but 41% of school arrests

       e.   80% of the arrests for Black students are for misdemeanors compared to 70% for Whites.

37.     The OCSD's discipline procedures suffer from a lack of definition that leads to discriminatory application of ambiguous terms; terms such as "disrespectful," "insubordination," "misconduct," "inappropriate behavior," "rude," "defiant," "lack of cooperation, "willful disobedience."

38.     Teachers and administrators imposing discipline have wide unfettered discretion to determine the type of offense and punishment.

39.     This unchecked discretion results in harsher and disparate punishment of African American students.

40.     In July 2012, a Civil Rights complaint was filed with the U. S. Department of Education, Office of Civil Rights, by the Southern Poverty Law Center (SPLC) against Okaloosa County School District on behalf of African American students who have been

or will be subjected to disciplinary removal and disproportionate arrests while attending schools within the district.

    41.    Each of the three complainants in the SPLC complaint alleged that in the 2011 – 2012 school year that each was on numerous occasions the victim of in-school suspensions, out of school suspensions, write-ups for "inappropriate behavior," verbal reprimands, time-outs and loss of privileges.

    42.    Each of the three complaints in the SPLC complaint alleged that OCSD has discriminated against them in the basis of race by engaging in practices that have the effect of discrimination in violation of Title VI of the Civil Rights Act of 1964.

    43.    The systematic discrimination suffered by the complainants in the 2012 Civil Rights complaint with U. S. Department of education is the same systematic discrimination suffered by T. A., Jr. and T. A. in 2014 – 2015.

<u>COUNT I</u>
<u>Violation of 42 U.S.C. §1983</u>

    44.    Plaintiffs reallege the previous paragraphs as if fully rewritten herein.

    45.    The Defendants and their agents have proximately caused T. A., Jr. and T. A. to suffer discrimination by failing to use their legal authority to respond in a meaningful way, over a period of 12 months, to complaints of student-on- student and teacher-on-student racial harassment.

    46.    The Defendants' and their agents' overt acts of racial discrimination against the Plaintiffs constitute the deprivation of the Plaintiff's federally protected rights under 42 U.S.C. §1983.

    47.    The Defendants' failure to act in response to Plaintiffs' repeated complaints constitutes deliberate indifference to racial hostility.

    48.    The Defendants' and their agents' deliberate indifference to racial harassment and intimidation by students at Baker School toward Plaintiffs has resulted in the deprivation of the Plaintiffs' federally protected rights under 42 U.S.C. §1983.

    49.    The above acts were committed under the color of state law and intentionally deprived Plaintiffs of civil rights secured by the United States Constitution, the Fourteenth Amendment and 42 U.S.C. §1983.

50.     As a result of its deliberate indifference to racial harassment and intimidation, the Defendants have created a hostile, offensive and abusive school environment in violation of 42 U.S.C. §1983.

51.     Plaintiffs have suffered damages as a result of racial harassment and intimidation; physical and emotional harm as a result of the repeated violations of 42 U.S.C.§1983 by the Defendants.

WHEREFORE, Plaintiffs request judgment against Defendants as a result of its unlawful violation of 42 U.S.C.§1983 and for damages, interest, costs, attorney fees pursuant to 42 U.S.C.§1988.

## COUNT II
### Violation of 42 U.S.C. §1981

52.     Plaintiffs reallege the previous paragraphs as if fully rewritten herein.

53.     Plaintiffs suffered repeated incidents in which their personhood or property were threatened or damaged while at Baker School.

54.     Plaintiffs sought assistance from teachers at Baker School, the principal of Baker School and the Superintendent of the Okaloosa County School District in an attempt to redress damage to their personhood and to address racially discriminatory empaths and overt racism directed against Plaintiffs.

55.     The Okaloosa County School District, the Baker School principal and the Superintendent refused to take any action to address racially discriminatory actions against Plaintiffs.

56.     Plaintiffs were not given the right to the full and equal protection under the law by the Okaloosa County School District in violation of 42 U.S.C. §1981.

57.     The racial discrimination suffered by T. A., Jr. And T. A., represents a district-wide pattern and practice in the Okaloosa County School District, rather than a series of isolated incidents.

58.     Although Plaintiffs complained to the Superintendent of the Okaloosa County School District, the Principal of Baker School, teachers and coaches at Baker School; racial intimidation and harassment continued to go unchecked.

59.     The Okaloosa County School District has a history of racial intimidation and harassment. The complaints of T. A., Jr. and T. A. mirror the complaints of "J. A.

(7)

B.", "J. B.", "E.G." and "J. S.", who filed a complaint with the U. S. Department of Education, Office of Civil Rights against the Okaloosa County School District.

60.    The failure to protect the civil rights of Plaintiffs was no accident, but rather part of a pattern of allowing racial harassment and discrimination to go unchecked.

61.    Plaintiffs were injured as a consequence of Defendants' actions as Plaintiffs were physically and emotionally injured and deprived of equal protection under the law.

WHEREFORE, Plaintiffs request judgment against the Defendants as a result of its unlawful violation of 42 U.S.C. §1981and for damages, interest, costs, attorney fees pursuant to 42 U.S.C. §1988.

## COUNT III
### Violation of Title VI of Civil Rights Act of 1964

62.    Plaintiffs reallege the previous paragraphs as if fully rewritten herein.

63.    Defendant, Okaloosa County School District receives federal assistance and therefore must comply with Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, which prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance.

64.    Although Plaintiffs repeatedly complained to teachers at Baker school, principal of Baker school, and the Superintendent of the Okaloosa County School District; the Okaloosa County School District failed to take sufficient action to address the racially discriminatory actions against Plaintiffs.

65.    Plaintiffs were subjected to a racially hostile and physically dangerous academic environment as a result of the harassment they faced, which deprived them of access to educational benefits and opportunities provided by the school.

66.    The Okaloosa County School District's and its agents' deliberate indifference to the student-on-student and teacher-on-student in-school racial harassment, constituted racial discrimination in violation of 42 U. S. C. §2000d.

67.    Plaintiffs have suffered damages as a result of racial harassment and intimidation, physical and emotional harm, as a result of the repeated violations of 42 U.S.C. §2000d by the Okaloosa County School District.

WHEREFORE, Plaintiffs request judgment against Defendant, Okaloosa County School District as a result of its unlawful violation of 42 U.S.C. §2000d and for damages, interest, costs, and attorneys' fees pursuant to 42 U.S.C. §1988.

Plaintiffs request trial by jury on all issues so triable.

(8)
## COUNT IV
### Injunctive Relief

68.    Plaintiffs reallege the previous paragraphs as if fully rewritten herein.

69.    42 USC §1983 authorizes a court to enjoin a governmental entity from engaging in official misconduct.

70.    Plaintiffs have suffered racial discrimination, threat to their safety, and intimidation because of the Okaloosa County School District's failure to enforce the law to protect Plaintiffs.

71.    Plaintiffs seek the immediate issuance of a temporary restraining order, followed by preliminary injunction and ultimately a permanent injunction preventing the Defendant from continuing its discrimination against the Plaintiffs in violation of 42 USC §1983.

WHEREFORE, Plaintiffs respectfully request that this Court enter preliminary injunction enjoining the discriminatory conduct on the part of the Okaloosa County School District, necessary to end Defendants' discriminatory practices and prevent current and future harm to Plaintiffs.

RESPECTFULLY SUBMITTED this 22nd day of February 2016.

Fred H. Flowers, Attorney for Plaintiffs
Florida Bar No.: 0317837
FLOWERS LAW, LLC
2073 Summit Lake Drive, Ste. 151
Tallahassee, Florida 32317
Tele: (850) 681-2303 Email: fflow@.flowerslawllc.com

**EXHIBIT A**

Code of Student Conduct Assembly

Baker School
December 10, 2014
Grades 9-12

Presenters: Mr. Farley/School District Personnel
Cari Baumgardner, Baker School MFLC

❖ Welcome and Introductions – Mr. Martello

❖ Address and Information – Mr. Farley/School District Personnel (5-15 minutes)

❖ Reading of a couple quotes regarding respect and equity – Cari Baumgardner

❖ Equity Skit – Baker Drama Club, "The Dramatics"  (5-10 minutes)

❖ Communication Skills PowerPoint and Interaction – Cari Baumgardner (10 minutes)
  ➢ What is effective communication?
  ➢ Verbal and Nonverbal Communication
  ➢ Role Plays with the audience

❖ Anger Management PowerPoint and Interaction – Cari Baumgardner (10 minutes)
  ➢ Anger Management Styles; Which one are you?
  ➢ Healthy Coping Skills vs. Unhealthy coping skills
  ➢ Role Plays with the audience

  ❖ Conflict Resolution PowerPoint and Interaction – Cari Baumgardner (10 minutes)
    ➢ What, How, When, etc
    ➢ Role Plays with the audience

❖ Closing (5-6 minutes)
  ➢ Reading of a couple of quotes regarding respect and equity

➢ Significance of TEAM BAKER; What does it mean to you? – Mr. Martello

Playing of video:  All Kinds of Kinds by Miranda Lambert